UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MONE MAOKHAMPHIO,<br><br>Defendant | ) Criminal No. 25cr10127<br>)<br>) Violations:<br>)<br>) Count One: Conspiracy to Distribute and to<br>) Possess with Intent to Distribute 500 Grams<br>) and More of Methamphetamine<br>) (21 U.S.C. §§ 846 and 841(b)(1)(A)(viii))<br>)<br>) Count Two: Felon in Possession of<br>) Firearm and Ammunition<br>) (18 U.S.C. § 922(g)(1))<br>)<br>) Count Three: Possession of Machineguns<br>) (18 U.S.C. § 922(o))<br>)<br>) Drug Forfeiture Allegation:<br>) (21 U.S.C. § 853)<br>)<br>) Firearm Forfeiture Allegation:<br>) (18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

INFORMATION

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine
(21 U.S.C. § 846)

The United States Attorney charges:

Beginning on a date unknown to the United States Attorney, but no later than December 30, 2022, and continuing through at least April 5, 2023, in Lowell, in the District of Massachusetts, the defendant,

MONE MAOKHAMPHIO,

conspired with other persons known and unknown to the United States Attorney, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.  Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to this Count.

It is further alleged that, with respect to Count One, 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, MONE MAOKHAMPHIO. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to defendant MONE MAOKHAMPHIO.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(viii).

<u>COUNT TWO</u>
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The United States Attorney further charges:

On or about April 5, 2023, in Lowell, in the District of Massachusetts, the defendant,

MONE MAOKHAMPHIO,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, to wit: a Glock .40 caliber pistol with a defaced serial number, and 22 rounds of .40 caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT THREE</u>
Possession of Machineguns
(18 U.S.C. § 922(o)(1))

The United States Attorney further charges:

On or about April 5, 2023, in Lowell, in the District of Massachusetts, the defendant,

MONE MAOKHAMPHIO,

did knowingly possess machineguns, as defined in Title 18, United States Code, Section 921(a)(24) and Title 26, United States Code, Section 5845(b), that is, five machinegun conversion devices, parts designed and intended solely and exclusively, and combinations of parts designed and intended, for use in converting a weapon into a machinegun.

All in violation of Title 18, United States Code, Section 922(o)(1).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The United States Attorney further alleges:

1.      Upon conviction the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendant,

MONE MAOKHAMPHIO,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following asset:

   a. $4,103 in United States currency found within the residence of 50 Hildreth Street, Apartment 5, Lowell, Massachusetts, seized from MONE MAOKHAMPHIO on April 5, 2023.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

5

All pursuant to Title 21, United States Code, Section 853.

<u>FIREARM FORFEITURE ALLEGATION</u>
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

3.      Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 922, set forth in Counts Two and Three, the defendant,

MONE MAOKHAMPHIO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses.  The property to be forfeited includes, but is not limited to, the following:

     a.   a Glock .40 caliber pistol with a defaced serial number.

4.      If any of the property described in Paragraph 3, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

     a.   cannot be located upon the exercise of due diligence;

     b.   has been transferred or sold to, or deposited with, a third party;

     c.   has been placed beyond the jurisdiction of the Court;

     d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 3 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States

Code, Section 2461.

                                        LEAH B. FOLEY
                                        United States Attorney

                        By:     /s/ *Fred M. Wyshak, III*
                                        FRED M. WYSHAK, III
                                        Assistant U.S. Attorney


Date: April 9, 2025